## Reynolds v. Commonwealth.

(Decided Jan. 28, 1938.)

ROY W. HOUSE for appellant.

HUBERT MEREDITH, Attorney General, and J. M. CAMPBELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Reversing.

Appellant and Howard Minton were indicted on a charge of maliciously and feloniously shooting at and wounding Jim Gregory, with intent to kill. Section 1166, Kentucky Statutes. The court, after evidence was heard, instructed the jury in conformity with the statute, supra, and also gave an instruction on the offense of shooting and wounding in sudden affray, without malice—a misdemeanor.

Appellant (alone upon trial) was found guilty under the misdemeanor instruction, the jury fixing his punishment at a fine of $100, upon which verdict judgment was entered. Appellant is here on motion to grant him an appeal, and reverse the judgment on the sole ground that the court overruled his motion for peremptory.

Only one witness was introduced by the commonwealth, he being the prosecuting witness. He testified that at some undisclosed time he received a bullet wound; that this occurred on the "Big Hill" in Clay county. His testimony as to the occurrence is as follows:

"I started off and somebody grabbed me.

"Q. Then what happened? A. He was trying to get a pistol.

"Q. Did he have you down? A. Yes sir.

"Q. What happened while you were down? A. Somebody shot me.

"Q. Do you know who shot you? A. No sir, I don't. They all left. I layed there. They all left me.

"Q. What did this defendant do? A. He left too."

On cross-examination witness made the following answers to questions:

"Q. Clarence Reynolds didn't shoot you did he? A. Not that I know of.

"Q. Did he have a pistol? A. I didn't see any.

"Q. You say at the time you were shot he was trying to get your pistol? A. He was on top of me. He did get it after I was shot."

Gregory was holding witness when he (Gregory) was shot. It is shown that appellant had a knife but no pistol. Proof showed that all parties were drinking. Appellant testified that he did not shoot Gregory. He says:

"I went out there and hadn't been there but a short while when I started up the road and Gregory followed me, and throwed his gun on me and threatened to shoot me."

Witness grabbed the gun, and in a scuffle both he and Gregory fell to the ground. Reynolds says:

"He was on top of me and somebody shot him from the back."

It was shown that Minton, jointly indicted, was back of the scuffling parties, but no one says Minton fired a shot.

Other witnesses testified for the defense and agreed in the main with appellant's version. However, no witness testifies as to who fired the shot which struck Gregory. There were two or three other persons present in addition to Gregory, Minton, and appellant. In order to fasten guilt on appellant it was necessary to show that appellant fired the shot, or that Minton did so and appellant was present aiding and abetting. There is no proof from which it may be inferred that either fired the shot. The Attorney General concedes the weakness of proof.

Under the facts and circumstances disclosed on the trial, there was nothing to submit to the jury. See Privitt v. Com., 271 Ky. 665, ... S. W. (2d) ..., this day decided.

Appeal granted and judgment reversed, with directions to award appellant a new trial.